```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LEONARDO MEDINA,                                            :
                                                            :
                              Plaintiff,                    :      14-CV-6034 (VSB)
                                                            :
              - against -                                   :           **ORDER**
                                                            :
MICHAEL SELLING,                                            :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Before me is Defendant's letter motion to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. 61.)  On July 16, 2014, pro se incarcerated Plaintiff brought this action alleging claims under 42 U.S.C. § 1983.  (Doc. 1.)  On March 3, 2016, Defendant filed a motion for judgment on the pleadings.  (Doc. 35.)  On March 29, 2018, I issued an order granting in part and denying in part Defendant's motion, and instructing the parties to prepare a plan for discovery on the issue of equitable tolling.  (Doc. 45.)  On April 27, 2018, I received a joint letter from the parties to propose a schedule for discovery concerning the issue of equitable tolling.  (Doc. 48.)

      On August 27, 2018, Defendant requested an extension of the deadline to complete discovery, because Defendant had not heard from Plaintiff and was unable to contact him.  (Doc. 52.)  On September 19, 2018, Defendant informed me that Plaintiff had been released from custody on August 14, 2018, that Plaintiff had not provided Defendant with updated contact information, and that Plaintiff had not provided the discovery documents requested by Defendant.  (Doc. 56.)  On September 24, 2018, I instructed Plaintiff to provide an updated

address on or before October 19, 2018, and I warned him that if he failed to do so, he would risk dismissal of his claims for failure to prosecute. (Doc. 57.) I also instructed Defendant to use his best efforts to serve a copy of my endorsement on Plaintiff. (*Id.*)

Defendant now informs me that his counsel contacted Plaintiff's last known residence, the Washington Correctional Facility, and learned that Plaintiff is under parole supervision with the Manhattan III Area Office. (Doc. 58.) Pursuant to my November 19, 2018 instructions, (Doc. 60), Defendant sent, via certified mail, copies of my September 24, 2018 endorsement, (Doc. 57), and November 19, 2018 order to Plaintiff's parole officer, with an enclosed request that the parole officer provide the documents to Plaintiff, (Doc. 62-1). Defendant has attempted to contact the parole officer via telephone on or about September 25, 2018, November 20, 2018, December 12, 2018, and December 17, 2018, but Defendant did not receive any responses to the voice messages that were left. (Doc. 62.)

Although I instructed Plaintiff to provide an updated address by October 19, 2018, Plaintiff still has not made any contact with the Court. Under these circumstances, dismissal is appropriate. *See, e.g.*, *Canario-Duran v. Borecky*, 10-CV-1736 (DLI)(LB), 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (When a pro se litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, the court may deny that litigant relief.); *Dong v. United States*, 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing a pro se litigant's action because the litigant failed to inform the court of his current address, causing the court to lose contact with him). Accordingly, it is hereby:

ORDERED that this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b) without prejudice to restoring the action to this Court's docket if Plaintiff makes an

application, demonstrating good cause for his failure to comply with my past Orders, to restore the action within sixty (60) days.

The Clerk of Court is respectfully requested to close the case and mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated: December 21, 2018
       New York, New York

Vernon S. Broderick
United States District Judge